IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VICTOR ROSARIO,

        Plaintiff,

           v.

Lowell Police Officers HAROLD G.
WATERHOUSE, JOHN GIUILFOYLE, GARRETT
SHEEHAN, JOHN R. NEWELL, GEORGE H.
GENTLE, JOSEPH M. McGARRY, LARRY B.
McGLASSON, WILFRED DOW, JOHN R. MYERS,
and UNKNOWN OFFICERS OF THE LOWELL
POLICE DEPARTMENT; WILLIAM M.
GILLIGAN and UNKNOWN MEMBERS OF THE
LOWELL FIRE DEPARTMEN; Massachusetts State
Police Officer DAVID A. COONAN, and
UNKNOWN OFFICERS OF THE
MASSACHUSETTS STATE POLICE; and the CITY
OF LOWELL,

        Defendant,

C.A. 19-CV-10532-LTS

## CITY OF LOWELL'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

The City of Lowell (the "City") hereby responds to the Plaintiff's Complaint as follows:

The City neither admits nor denies the Plaintiff's first unnumbered paragraph, which is a statement of introduction. To the extent that factual allegations are asserted against the City, such allegations are denied by the City.

## INTRODUCTION

1. The City admits that the Plaintiff was accused and convicted of arson and the murders of eight people who died in the fire attributed to the arson. The City further admits that the fire occurred on Decatur Street in Lowell, Massachusetts in March 1982. Otherwise, denied.

2. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2, and calls upon the Plaintiff to prove the same.

3. Denied.

4. Denied.

5. Denied.

6. The City denies the allegations contained in Sentences 1, 2 and 4 of Paragraph 6. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Sentence 3 of Paragraph 6, and calls upon the Plaintiff to prove the same.

7. Denied.

8. The City admits that the Plaintiff was charged, prosecuted, and convicted of arson and multiple murders. The City further admits that Plaintiff was sentenced to eight concurrent life sentences for the murder convictions, and 18-20 years concurrent for the arson conviction. The City denies any remaining allegations contained in Paragraph 8.

9. The City admits that a *Nolle Prosequi* dated September 8, 2017 was filed in Plaintiff's criminal case (Middlesex Superior Court Docket No. 1982-2399/-2407). The City further admits that Plaintiff was incarcerated in connection with the charges underlying the *Nolle Prosequi* from the time of his arrest until such time that he was released from custody following the dismissal of his criminal case. The City denies any remaining allegations contained in Paragraph 9.

10. This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, the City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and calls upon the Plaintiff to prove the same.

## JURISDICTION AND VENUE

11. The allegations contained in Paragraph 11 are statements of law to which no response is required.

12. The allegations contained in Paragraph 12 are statements of law to which no response is required.

13. The allegations contained in Paragraph 13 are statements of law to which no response is required.

## PARTIES

14. The allegations contained in Paragraph 14 are statements of identification concerning the Plaintiff for which no response is required. To the extent that a response is required, the City states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14, and calls upon the Plaintiff to prove the same.

15. The allegations contained in Paragraph 15 are statements of identification concerning certain known and unknown individuals alleged to be former or current officers of the Lowell Police

Department for which no response is required.  To the extent that a response is required, the City admits that the named individuals are former or current officers of the Lowell Police Department.  The City denies that the Lowell Police Department was responsible for the underlying criminal investigation in this matter. The City further states that it lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 15, and calls upon the Plaintiff to prove the same.

16. The allegations contained in Paragraph 16 are statements of identification concerning a known individual alleged to be a former officer of the Lowell Fire Department for which no response is required.  To the extent that a response is required, the City admits that the named individual is a former member of the Lowell Fire Department. The City denies that the Lowell Fire Department was responsible for the underlying criminal investigation in this matter. The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 16, and calls upon the Plaintiff to prove the same.

17. The allegations contained in Paragraph 17 are statements of identification concerning the City of Lowell for which no response is required.  To the extent that a response is required, the City admits the allegations contained in Sentence 1 of Paragraph 17 with the exception that there is no employee(s) of the City who is responsible for daily oversight of the Police and Fire departments. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Sentence 2 of Paragraph 17.  The allegations contained in Sentences 3-5 of Paragraph 17 are statements of law to which no response is required.  To the extent that a response is required, the allegations contained in Sentences 3-5 of Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 are statements of identification concerning certain known and unknown individuals alleged to be former or current officers of the Massachusetts State Police for which no response is required.  To the extent that a response is required, the City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18, and calls upon the Plaintiff to prove the same.

## FACTS

### The Fire and Deaths of Eight People

19. The City admits that a fire occurred at 32-36 Decatur Street, Lowell, Massachusetts on or about March 5, 1982.  The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 19, and calls upon the Plaintiff to prove the same.

20. Admitted.

21. The City lacks sufficient knowledge or information to form a belief as to the truth the allegations contained in Paragraph 21, and calls upon the Plaintiff to prove the same.

**Plaintiff Had Nothing to Do With Starting
the Fire and Instead Tried to Save the Victims**

22. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22, and calls upon the Plaintiff to prove the same.

23. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23, and calls upon the Plaintiff to prove the same.

24. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24, and calls upon the Plaintiff to prove the same.

25. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25, and calls upon the Plaintiff to prove the same.

26. Denied.

**The Physical Evidence Never Supported the Theory that the Fire Was
Started by Arson Fire**

27. Denied.

28. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28, and calls upon the Plaintiff to prove the same.

29. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29, and calls upon the Plaintiff to prove the same.

30. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30, and calls upon the Plaintiff to prove the same.

**There Was Never Any Evidence Supporting that the Fire was Caused by
Arson, Specifically, Arson Using a Molotov Cocktail**

31. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31, and calls upon the Plaintiff to prove the same.

32. Denied.

33. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33, and calls upon the Plaintiff to prove the same.

34. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34, and calls upon the Plaintiff to prove the same.

35. Denied.

36. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36, and calls upon the Plaintiff to prove the same.

37. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37, and calls upon the Plaintiff to prove the same.

38. Denied.

### Defendants Arrested Plaintiff for the
### Unproven Arson and the Deaths Caused by the Fire

39. The City admits that the Plaintiff was identified as a potential suspect in connection with the arson investigation.  The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 39, and calls upon the Plaintiff to prove the same.

40. The City admits that the fire can fairly be characterized as a "high-profile incident".  The City denies any remaining allegations contained in Paragraph 40.

41. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41, and calls upon the Plaintiff to prove the same.

42. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42, and calls upon the Plaintiff to prove the same.

43. The City denies any allegation that evidence against the Plaintiff was "manufactured".   The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 43, and calls upon the Plaintiff to prove the same.

44. The City admits that Plaintiff was interrogated and that the interrogation started sometime on March 6, 1982.  The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 44, and calls upon the Plaintiff to prove the same.

### Defendants Fabricated a False Confession from Plaintiff

45. The City admits that the Plaintiff was interrogated between the evening of March 6, 1982 and the morning of March 7, 1982.  The City further admits that Plaintiff signed various incriminating statements over the course of the interrogation.  The City denies that such incriminating statements were fabricated or coerced from the Plaintiff.  The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 45, and calls upon the Plaintiff to prove the same.

46. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46, and calls upon the Plaintiff to prove the same.

47. Denied.

48. The City denies that evidence was fabricated against the Plaintiff.  The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 48, and calls upon the Plaintiff to prove the same.

49. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49, and calls upon the Plaintiff to prove the same.

50. Denied.

51. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51, and calls upon the Plaintiff to prove the same.

52. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52, and calls upon the Plaintiff to prove the same.

53. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53, and calls upon the Plaintiff to prove the same.

54. The City admits that the Plaintiff was interrogated between the evening of March 6, 1982 and the morning of March 7, 1982.  The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 54, and calls upon the Plaintiff to prove the same.

55. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55, and calls upon the Plaintiff to prove the same.

56. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56, and calls upon the Plaintiff to prove the same.

57. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57, and calls upon the Plaintiff to prove the same.

58. Denied.

59. Denied.

60. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60, and calls upon the Plaintiff to prove the same.

61. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61, and calls upon the Plaintiff to prove the same.

62. The City admits that Plaintiff signed incriminating statements during his interrogation.  The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 62, and calls upon the Plaintiff to prove the same.

63. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63, and calls upon the Plaintiff to prove the same.

64. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64, and calls upon the Plaintiff to prove the same.

65. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65, and calls upon the Plaintiff to prove the same.

66. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66, and calls upon the Plaintiff to prove the same.

67. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67, and calls upon the Plaintiff to prove the same.

68. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Sentences 1-2 of Paragraph 68, and calls upon the Plaintiff to prove the same.  The allegations contained in Sentence 3 of Paragraph 68 are denied.  The allegations contained in Sentence 4 of Paragraph 68 are admitted.

69. Denied.

**Defendants Fabricated and Suppressed Additional Evidence About the Circumstances of the Interrogation**

70. Denied.

71. Denied.

72. The City denies the allegations contained in Sentences 1-2 of Paragraph 72.  The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Sentence 3 of Paragraph 72, and calls upon the Plaintiff to prove the same.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. The City denies that evidence was fabricated against the Plaintiff. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 77, and calls upon the Plaintiff to prove the same.

78. Denied.

79. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 79, and calls upon the Plaintiff to prove the same.

**Defendants Fabricated the Existence of False Physical Evidence**

80. Denied.

81. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81, and calls upon the Plaintiff to prove the same.

82. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82, and calls upon the Plaintiff to prove the same.

83. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 83, and calls upon the Plaintiff to prove the same.

84. Denied.

85. The City denies the allegations contained in Sentence 1 of Paragraph 85.  The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Sentence 2 Paragraph 85, and calls upon the Plaintiff to prove the same.

86. Denied.

87. Denied.

88. Denied.

**Defendants Fabricated Eyewitness Evidence**

89. Denied.

90. Denied.

91. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 91, and calls upon the Plaintiff to prove the same.

92. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92, and calls upon the Plaintiff to prove the same.

93. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 93, and calls upon the Plaintiff to prove the same.

94. Denied.

95. Admitted that evidence was not fabricated and thus that defendants did not document fabrication; the City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 95, and calls upon the Plaintiff to prove the same.

96. The City denies the allegations contained in Sentence 1 of Paragraph 96.  The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Sentence 2 of Paragraph 96, and calls upon the Plaintiff to prove the same.

97. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 97, and calls upon the Plaintiff to prove the same. The second sentence is denied.

98. Denied.

99. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99, and calls upon the Plaintiff to prove the same.

100. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 100, and calls upon the Plaintiff to prove the same.

101. Denied.

102. Denied.

**Defendants Suppress Evidence of Alternate Suspects**

103. Denied.

104. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 104, and calls upon the Plaintiff to prove the same.

105. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 105, and calls upon the Plaintiff to prove the same.

106. The City denies the allegation that Defendants buried the information they developed that would have pointed to the guilt of other alternate suspects.  The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 106, and calls upon the Plaintiff to prove the same.

**Plaintiff's Wrongful Conviction and Imprisonment**

107. The City admits that Plaintiff was charged, prosecuted, and tried by a jury, but denies that such was the result of any misconduct on the part of the Defendants or based on false evidence they created.   The City lacks sufficient knowledge or information to form a

belief as to the truth of any remaining allegations contained in Paragraph 107, and calls upon the Plaintiff to prove the same.

108.    Denied.

109.    Denied.

110.    Denied. Further responding, the City states that Plaintiff was convicted by a jury of arson and eight counts of second-degree murder.

111.    The City denies that the Defendants had any authority or responsibility with respect to determining whether or not any charges against Plaintiff's co-conspirators proceeded to trial. The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 111, and calls upon the Plaintiff to prove the same.

112.    Denied.

113.    Denied.

114.    Denied.

**Plaintiff's Damages**

115.    The City admits that the Plaintiff was in his mid-twenties at the time of his conviction and that he was incarcerated for approximately 32 years.  The City denies the remaining allegations contained in Paragraph 115.

116.    The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 116, and calls upon the Plaintiff to prove the same.

117.    Denied.

118.    The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 118, and calls upon the Plaintiff to prove the same.

119.    The City denies that Plaintiff was wrongfully incarcerated.  The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 119, and calls upon the Plaintiff to prove the same.

120.    The City denies that Plaintiff's arrest, prosecution, and incarceration was unlawful.  The City lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph 120, and calls upon the Plaintiff to prove the same.

121.    The City denies that Plaintiff was wrongfully incarcerated and denies that Defendants' engaged in misconduct.  The City lacks sufficient knowledge or information to form a

belief as to the truth of any remaining allegations contained in Paragraph 121, and calls upon the Plaintiff to prove the same.

### Plaintiff's Exoneration

122.  The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 122, and calls upon the Plaintiff to prove the same.

123.  The allegations contained in Paragraph 123 refer to an order of the Supreme Judicial Court of Massachusetts, which speaks for itself.  To the extent that the allegations contained in Paragraph 123 mischaracterize the content of the order, such allegations are denied.

124.  The City admits that a *Nolle Prosequi* dated September 8, 2017 was filed in Plaintiff's criminal case (Middlesex Superior Court Docket No. 1982-2399/-2407). To the extent that the allegations contained in Paragraph 124 mischaracterize the content of the *Nolle Prosequi*, such allegations are denied.

125.  The City admits that Plaintiff was release from custody after approximately 32 years of incarceration.  The City denies that Plaintiff's incarceration was wrongful or the result of any misconduct on the part of the Defendants.  The City denies any remaining allegations contained in Paragraph 125.

### COUNT I
### 42 U.S.C. § 1983 – Due Process

126.  The City incorporates each paragraph of this Answer as if fully restated here.

127.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

128.  Denied.

129.  Denied.

130.  Denied.

131.  Denied.

132.  Denied.

133.  Denied.

134.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

135.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

136.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

137.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

138.   The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 138, and calls upon the Plaintiff to prove the same; the City denies that it was responsible for the underlying criminal investigation in this matter.

139.   The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 139, and calls upon the Plaintiff to prove the same; the City denies that it was responsible for the underlying criminal investigation in this matter.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied

145.   Denied

## COUNT II
### 42 U.S.C. § 1983 – Federal Malicious Prosecution

146.   The City incorporates each paragraph of this Answer as if fully restated here.

147.   Denied.

148.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

149.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

150.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

151.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

152.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

153.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

154.  The City admits that a *Nolle Prosequi* dated September 8, 2017 was filed in Plaintiff's criminal case (Middlesex Superior Court Docket No. 1982-2399/-2407); otherwise denied.

155.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

## COUNT III
### 42 U.S.C. § 1983: Coerced and False Confession
### (Fifth Amendment through the Fourteenth Amendment)

156.  The City incorporates each paragraph of this Answer as if fully restated here.

157.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

158.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

159.  Denied.

160.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

161.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

## COUNT IV
### 42 U.S.C. § 1983: Coerced Confession
### (Fourteenth Amendment)

162.  The City incorporates each paragraph of this Answer as if fully restated here.

163.  This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

164.  Denied.

165.   Denied.

166.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

## COUNT V
## 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

167.   The City incorporates each paragraph of this Answer as if fully restated here.

168.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

169.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

170.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

171.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

172.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

173.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

## COUNT VI
## 42 U.S.C. § 1983 – Failure to Intervene

174.   The City incorporates each paragraph of this Answer as if fully restated here.

175.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

176.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

177.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

178.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

179.     This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

## COUNT VII
### State Law Claim – Malicious Prosecution

180.     The City incorporates each paragraph of this Answer as if fully restated here.

181.     This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

182.     This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

183.     This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

184.     This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

185.     The City admits that a *Nolle Prosequi* dated September 8, 2017 was filed in Plaintiff's criminal case (Middlesex Superior Court Docket No. 1982-2399/-2407). To the extent that the allegations contained in Paragraph 154 mischaracterize the content of the *Nolle Prosequi*, which speaks for itself, such allegations are denied.[1]

## COUNT VIII
### State Law Claim – Negligence

186.     The City incorporates each paragraph of this Answer as if fully restated here.

187.     The allegations contained in Paragraph 187 are statements of law for which no response is required.  To the extent that a response is required, the City denies the allegations contained in Paragraph 187.

188.     This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

189.     Denied.

190.     This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

---

[1] The City responds to the allegations contained in the footnote to Paragraph 185 as follows:  The City admits that it received a letter from Plaintiff's counsel dated October 5, 2018 purporting to be a presentation of claims for Plaintiff's alleged wrongful conviction, which speaks for itself.  To the extent that the allegations in the footnote to Paragraph 185 mischaracterize the contents of this document, the allegations are denied.  The City denies any remaining allegations contained in the footnote to Paragraph 185.

**COUNT VIII**
**State Law Claim – Intentional Infliction of Emotional Distress**

191. The City incorporates each paragraph of this Answer as if fully restated here.

192. This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

193. This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

**COUNT IX**
**State Law Claim – Negligent Infliction of Emotional Distress**

194. The City incorporates each paragraph of this Answer as if fully restated here.

195. The allegations contained in Paragraph 195 are statements of law for which no response is required.  To the extent that a response is required, the City denies the allegations contained in Paragraph 195.

196. This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

197. Denied.

198. This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

**COUNT X**
**State Law Claim – Mass. Gen Laws, Ch. 12, § 11I**

199. The City incorporates each paragraph of this Answer as if fully restated here.

200. This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

201. This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

**COUNT XII**
**State Law Claim – Civil Conspiracy**

202. The City incorporates each paragraph of this Answer as if fully restated here.

203. This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

204.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

205.   Denied.

206.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

## COUNT XIII
### State Law Claim – Respondeat Superior

207.   The City incorporates each paragraph of this Answer as if fully restated here.

208.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, the City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 208, and calls upon the Plaintiff to prove the same.

209.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, they are denied.

## COUNT XIIV
### State Law Claim – Indemnification

210.   The City incorporates each paragraph of this Answer as if fully restated here.

211.   The allegations contained in Paragraph 211 are statements of law for which no response is required.  To the extent that a response is required, the City denies the allegations contained in Paragraph 211.

212.   This paragraph of the Complaint calls for legal conclusion(s) to which no response by the City is required; to the extent the paragraph includes factual allegations, the City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 212, and calls upon the Plaintiff to prove the same.

**WHEREFORE,** the City of Lowell, respectfully requests that this Honorable Court dismiss the Plaintiffs' Complaint; award the City its attorney's fees and other costs incurred in defending this action; and grant to the City all other such relief as this Court deems meet and just.

## DEMAND FOR TRIAL BY JURY

**Defendant City of Lowell demands a trial by jury on all issues and claims so triable.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims arising out of the subject matter of the transactions and occurrences alleged fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims arising out of the subject matter of the transactions and occurrences alleged are barred by the doctrine of sovereign immunity.

### Third Affirmative Defense

Plaintiff's claims arising out of the subject matter of the transactions and occurrences alleged are barred by the doctrine of res judicata.

### Fourth Affirmative Defense

Plaintiff's claims arising out of the subject matter of the transactions and occurrences alleged are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

Plaintiff's claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations.

### Sixth Affirmative Defense

Plaintiff's claims arising out of the subject matter of the transactions and occurrences alleged are barred by the Massachusetts Tort Claims Act.  See G.L. c. 258, § 1, *et seq.*

### Seventh Affirmative Defense

Plaintiff's claims arising out of the subject matter of the transactions and occurrences alleged are barred for failure to comply with the presentment requirement of G.L. c. 258, § 4.

### Eighth Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged are subject to administrative remedies that have not been exhausted.

**Ninth Affirmative Defense**

Plaintiff's claims arising out of the subject matter of the transactions and occurrences alleged are against municipal employees in their individual capacity and barred by G.L. c. 258, § 2.

**Tenth Affirmative Defense**

Plaintiff's claims arising out of the subject matter of the transactions and occurrences alleged are barred by the doctrine of qualified immunity.

**Eleventh Affirmative Defense**

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the doctrine of good faith immunity.

**Twelfth Affirmative Defense**

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the immunity provisions of G.L. c. 258, § 10.

**Thirteenth Affirmative Defense**

The City of Lowell is not legally responsible for the alleged acts or omissions of third parties upon which the Plaintiff bases his claims.

**Fourteenth Affirmative Defense**

At the time and place of the Plaintiff's alleged injury, the Plaintiff was engaged in a violation of law which caused or contributed to cause the injuries and damages alleged.

**Fifteenth Affirmative Defense**

The claims arising out of the subject matter of the transactions and occurrences alleged were the results of the Plaintiff's contributory negligence.

**Sixteenth Affirmative Defense**

The claims arising out of the subject matter of the transactions and occurrences alleged resulted from a superseding intervening cause for which the City of Lowell is not legally responsible.

**Seventeenth Affirmative Defense**

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct the City of Lowell is not legally responsible.

### Eighteenth Affirmative Defense

The absence of legal responsibility on the part of the City of Lowell bars the claims arising out of the subject matter of the transactions and occurrences alleged.

### Nineteenth Affirmative Defense

If the City of Lowell employee(s) acted as alleged, their acts and omissions were not within the scope of their employment for the City of Lowell, and therefore, the City of Lowell cannot be held liable.

### Twentieth Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged, and conduct complained of by the Plaintiff, does not rise to a Constitutional violation.

### Twenty-First Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged do not constitute "threats, intimidation or coercion" to support a claim under the state civil rights law.

### Twenty-Second Affirmative Defense

The City of Lowell did not control the homicide investigation into the Decatur Street Fire referenced in the Complaint, and its policies, procedures, practices and customs did not govern the investigation, nor were they the moving force behind the investigation and decisions made during the investigation.

### Twenty-Third Affirmative Defense

Pursuant to Massachusetts Law, the homicide investigation into the Decatur Street Fire referenced in the Complaint was run by the District Attorney's Office and/or the Massachusetts State Police and/or the State Fire Marshall and/or other agencies or subdivisions of the Commonwealth, and their policies, procedures, practices and customs governed the investigation and were the moving force behind the investigation and decisions made during the investigation.

### Twenty-Fourth Affirmative Defense

The City of Lowell hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

Respectfully submitted by:

Defendant,
CITY OF LOWELL,

/s/ *Adam R. LaGrassa*
Christine P. O'Connor, City Solicitor
BBO #567645
Rachel M. Brown, First Assistant City Solicitor
BBO #667369
Adam R. LaGrassa, Assistant City Solicitor
BBO #685662
Stacie M. Moeser, Assistant City Solicitor
BBO #664390
City of Lowell—Law Department
375 Merrimack Street, 3rd Floor
Lowell MA 01852-5909
(978) 674-4050
CO'Connor@lowellma.gov
RBrown@lowellma.gov
ALaGrassa@lowellma.gov
SMoesier@lowellma.gov

June 20, 2019

## CERTIFICATE OF SERVICE

I certify that on June 20, 2019, I filed a copy of this document through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Adam R. LaGrassa*
Adam R. LaGrassa
Assistant City Solicitor