**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| VICTOR ROSARIO, | ) | |
| | ) | Case No. 1:19-cv-10532 |
| Plaintiff, | ) | |
| | ) | Hon. Leo T. Sorokin, |
| v. | ) | District Judge |
| | ) | |
| HAROLD G. WATERHOUSE, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION REGARDING DECEASED DEFENDANTS**

Plaintiff VICTOR ROSARIO, by his attorneys, respectfully moves this Court to either (a) permit him to proceed against Deceased Defendants JOHN R. NEWELL, JOSEPH M. McGARRY, LARRY B. McGLASSON, JOHN R. MYERS, and WILLIAM M. GILLIGAN in their own names, serving Defendant City of Lowell with the required process; or, alternatively, (b) appoint Lowell City Clerk Michael Geary as personal representative to defend this suit on behalf of these Deceased Defendants, and substitute him as a party in this action in that capacity. In support, Plaintiff states as follows:

1.      Plaintiff filed this lawsuit on March 21, 2019, alleging that the Defendants caused him to be convicted of arson and the murders of eight people who died in the fire attributed to the arson. *See generally* Complaint, Doc. No. 1.

2.      Counsel for Defendants City of Lowell and David A. Coonan have appeared in the case. Doc. Nos. 19, 20, 27, and 31. Defendant Coonan has answered. Doc. No. 30. Defendant City of Lowell's has answered. Doc. Nos. 37. All living Defendants have been served. *See* Doc. No. 35 ¶ 2. The current deadline for service of summonses is August 19, 2019, in order to allow for the substitution of a personal representative to defend this action on behalf of the deceased

defendants. Doc. Nos. 35 & 36. Other than Defendants Coonan and the City of Lowell, none of the other Defendants who have been served have appeared in the case. *See* Doc. No. 38. As a result, discovery has not yet commenced.

3.       On April 10, 2019, a proof of service for Defendant Gilligan was returned unexecuted, stating that Defendant Gilligan is deceased. Doc. No. 17. Plaintiff has now learned that Defendants Newell, McGarry, McGlasson, and Myers are also deceased. (These Defendants are referred to collectively as the "Deceased Defendants" in this memorandum.)

4.       The constitutional and state-law claims alleged by Plaintiff survive the deaths of Defendants Newell, McGarry, McGlasson, Myers, and Gilligan. *E.g.*, *Pomeroy v. Ashburnham Westminster Regional School Dist.*, 410 F.Supp.2d 7, 12-14 & n.5 (D. Mass. 2006) (holding that courts should treat a section 1983 claim "as a claim for 'personal injury' under Massachusetts law," such that it survives a party's death under Mass. Gen. Laws ch. 228 § 1) (citing *Mellinger v. Town of West Springfield*, 515 N.E.2d 584 (Mass. 1987), and *Bibbo v. Mulhern*, 621 F. Supp. 1018, 1024-25 (D. Mass. 1985)).

5.       Massachusetts law provides that the representative of an estate may be compelled to appear to defend in civil proceedings. Mass. Gen. Laws ch. 228 § 5. Based on searches of public records, Plaintiff's attorneys have been unable to determine whether estates were ever opened or closed for any of the Deceased Defendants.

6.       In Plaintiff's view, there are two options for properly bringing the deceased Defendants into the case. First, Mass. Gen. Laws ch. 190B, § 3-803(d)(2) contemplates that an action may be "maintained naming the decedent as the defendant" if no personal representative has been appointed. *See also Fellows v. Perenzin*, No. 001445A, 2003 WL 734416, at *1 (Mass. Super. Jan. 8, 2003) (explaining the same under the prior iteration of the probate statute). The

state statute provides that, where there is no personal representative, and the decedent is named

as a defendant, "in th[e] event any service of process . . . may be necessary," it "shall be made

upon the entity providing the insurance or bond." *Id.*

7.      In this action, the entity providing the insurance or bond is the City of Lowell,

which employed the Deceased Defendants during the relevant time period, and which

indemnifies municipal officials acting within the scope of their employment. Mass. Gen. Laws

ch. 258, § 13. Accordingly, with the Court's permission, Plaintiff could proceed against the

Deceased Defendants, serving Defendant City of Lowell with the required process.

8.      Second, this Court could alternatively appoint an appropriate personal

representative for the Deceased Defendants, and the personal representative could be substituted

here to defend this lawsuit.

9.      District courts elsewhere, consistent with state law, have appointed personal

representatives to defend suits in the precise circumstances present here. *Anderson v. Romero*, 42

F.3d 1121, 1124-25 (7th Cir. 1994) (appointing attorneys as special administrators after death of

a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988

authorizes us to borrow provisions of state law where necessary to provide a complete remedy in

a suit under 42 U.S.C. § 1983."); *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill.

2013) (appointing city clerk as special representative for deceased defendants in wrongful

conviction case); *Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012)

(appointing spouse in representative capacity).

10.     Massachusetts law empowers courts to appoint personal representatives. See

Mass. Gen. Laws ch. 190B, § 3-103 §§ 3-103, 3-614; see also *Echavarria v. Roach*, No. 1:16-cv-

11118, Doc. No. 92 (D. Mass. Apr. 28, 2017). And appointing a personal representative in this

circumstance will have no negative impact on any of the Deceased Defendants' estates—any judgment against the personal representative will be funded only by Lowell's indemnification. *See* Mass. Gen. Laws ch. 190B, § 3-803(d)(2); Mass Gen. Laws ch. 258, §13.

11.     [U]nder Mass. Gen. Laws ch. 190B § 3-615, "[a]ny suitable person" may be appointed special personal representative. In Plaintiff's view, to the extent that the action does not proceed against the Deceased Defendants in their own names, Lowell City Clerk Michael Geary should be appointed as personal representative to defend the suit on behalf of each of the Deceased Defendants—Newell, McGarry, McGlasson, Myers, and Gilligan.

12.     Plaintiff has shared a copy of this memorandum with Defendant City of Lowell, which intends to oppose the motion.[1]

13.     Federal Rule of Civil Procedure 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." FED. R. CIV. P. 25(a)(1). Accordingly, if the Court appoints City Clerk Michael Geary as personal representative to deceased Defendants Newell, McGarry, McGlasson, Myers, and Gilligan, he should be substituted as a party in this action.

WHEREFORE, Plaintiff respectfully requests that this Court to either (a) permit him to proceed against Deceased Defendants JOHN R. NEWELL, JOSEPH M. McGARRY, LARRY B. McGLASSON, JOHN R. MYERS, and WILLIAM M. GILLIGAN in their own names, serving Defendant City of Lowell with the required process; or, alternatively, (b) appoint Lowell City Clerk Michael Geary as personal representative to defend this suit on behalf of these Deceased Defendants, and substitute him as a party in this action in that capacity.

---

[1] Pursuant to Local Rules 7.1 and 37.1, Plaintiff's counsel hereby certifies that Plaintiff and the City of Lowell conferred by electronic mail on the issues described this memorandum between August 5 and 9, 2019.

RESPECTFULLY SUBMITTED,

**VICTOR ROSARIO**

BY**:**   <u>/s/ Steven Art</u>
         *One of Plaintiff's Attorneys*

Jon Loevy*
Debra Loevy, Bar No. 569212
Mark Loevy-Reyes*
Steven Art*
Tara Thompson*
Renee Spence*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com
*Admitted *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I, Steven Art, an attorney, hereby certify that on August 12, 2019, I filed the foregoing

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION REGARDING DECEASED

DEFENDANTS using the Court's CM/ECF system, which effected service on all counsel of

record.

/s/ Steven Art_____
*One of Plaintiff's Attorneys*

Jon Loevy*
Mark Loevy-Reyes*
Steven Art*
Tara Thompson*
Renee Spence*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com
*Admitted *pro hac vice*