IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR ROSARIO,<br><br>      Plaintiff,<br><br>      v.<br><br>Lowell Police Officers HAROLD G. WATERHOUSE, JOHN GIUILFOYLE, GARRETT SHEEHAN, JOHN R. NEWELL, GEORGE H. GENTLE, JOSEPH M. McGARRY, LARRY B. McGLASSON, WILFRED DOW, JOHN R. MYERS, and UNKNOWN OFFICERS OF THE LOWELL POLICE DEPARTMENT; Lowell Fire Fighter WILLIAM M. GILLIGAN and UNKNOWN MEMBERS OF THE LOWELL FIRE DEPARTMENT; Massachusetts State Police Officer DAVID A. COONAN, and UNKNOWN OFFICERS OF THE MASSACHUSETTS STATE POLICE; and the CITY OF LOWELL,<br><br>      Defendant, | C.A. 19-CV-10532-LTS |

## CITY OF LOWELL'S OPPOSITION TO PLAINTIFF'S MOTION REGARDING DECEASED DEFENDANTS

The City of Lowell ("the City") hereby submits this opposition to the Plaintiff's Motion Regarding Deceased Defendants.[1] Through this motion, the Plaintiff seeks permission from the Court to avoid established procedures for pursuing a civil action against deceased individuals without providing good cause for doing so. The Plaintiff makes two alternate requests. First, he asks to proceed against certain deceased "defendants" in their own names and to be permitted to simply serve the City of Lowell with the required process. The alleged authority for this request is G.L. c. 190B, § 3-803(d)(2). Second, the Plaintiff requests that the Court appoint the current

---

[1] The individual defendants who are subject to Plaintiffs motion are John R. Newell, Joseph M. McGarry, Larry B. McGlasson, John R. Meyers, and William M. Gilligan.

City Clerk, Michael Geary, to serve as the personal representative of the deceased individuals, and for the Court to substitute Mr. Geary as a party in this action. The alleged authority for this request is Fed. R. Civ. P. 25. The Court should deny both requests. The Plaintiff's motion is an apparent attempt to cut corners in order to avoid the difficulties attendant to litigating a case arising out of events that occurred approximately *37 years* ago.  The City recognizes that, under the correct circumstances and for particular claims, a personal representative may stand in the shoes of deceased individuals so that a plaintiff may continue to pursue its claims against the decedent.  However, the specific relief sought by the Plaintiff through his current motion is unavailing.

As to the Plaintiff's first argument, the City objects to the assertion that M.G.L. c. 190B, § 3-803 allows him to maintain his claims against the deceased defendants without naming a personal representative.  This statute, which is a part of the Massachusetts Uniform Probate Code, establishes the short estate limitations period for personal injury and wrongful death claims coved by insurance.  The statute provides no basis for the particular relief which the Plaintiff now seeks.

The Plaintiff's second argument fares no better.  While the Plaintiff relies upon Rule 25 of the Federal Rules of Civil Procedure in suggesting that the City Clerk is a proper party to be named personal representative, Rule 25 governs proceedings in which *parties* have died *during* the course of the action.  The courts have generally held that substitution *cannot* be ordered under Rule 25(a)(1) where the person for whom substitution is sought died *prior* to being named a party.  Here, the deceased defendants cannot be party to this proceeding and died prior to the action was commenced.

Further, even if Rule 25 did apply, the Plaintiff has presented the Court with no authority or legal basis for his proposed substitution of the City Clerk. No City official or employee is a "proper party" for substitution pursuant to Fed. R. Civ. P. 25(a) because they are neither a formal legal representative to any of these individuals' estates, nor do they meet the definition of "successor" as that term has been interpreted.  In addition, Plaintiff cannot be permitted to circumvent the established procedures of Rule 25.

For these reasons, which are set forth in detail in this opposition memorandum, the City respectfully requests that the Court deny the Plaintiff's motion.  In the City's view, the Plaintiff must first establish who the appropriate personal representatives for the deceased defendants are and proceed accordingly.

## BACKGROUND AND PROCEDURAL HISTORY

This is a wrongful conviction action arising from events which occurred approximately *37 years ago*.  In his complaint, the Plaintiff asserts a wide range of civil rights violations and tort claims in relation to his conviction for arson and eight counts of second-degree murder following the investigation of a fire in an apartment building on Decatur Street in Lowell, MA on or about March 5, 1982.  The Plaintiff was granted a new trial in 2014 and the Middlesex District Attorney's office elected to not proceed with a re-trial in September, 2017, expressly citing the passage of time as an anticipated obstacle to the Commonwealth meeting its burden to prove all elements of the offenses beyond a reasonable doubt.

In bringing this action, the Plaintiff primarily asserts his claims against several individuals who are alleged to be former City of Lowell employees, and who presumably are alleged to have been directly involved in the investigation which underlies the Plaintiff's claims.[2]

---

[2] Plaintiff also brings an individual capacity claim against an individual named David A, Coonon, who is alleged in the Complaint to have been a Massachusetts State Trooper at the time of Plaintiff's arrest and conviction.

These claims are based on the Plaintiff's allegations that these individuals (1) improperly targeted Plaintiff as a suspect, (2) fabricated a false confession from Plaintiff, (3) fabricated and suppressed evidence about the circumstances of the Plaintiff's interrogation, (4) fabricated the existence of false physical evidence, (5) fabricated eyewitness evidence, and (6) suppressed evidence of alternate suspects, all leading to Plaintiff's allegedly wrongful conviction. Despite the serious magnitude of these allegations, the Plaintiff's complaint offers little to no detail as to what specific involvement, if any, these individuals had in the investigation that underlies the Plaintiff's conviction, or which specific actions were taken or not taken by these individuals to support Plaintiff's allegations. In addition to the various individual capacity claims asserted against the individually named defendants, the Plaintiff also brings a civil rights claim against the City pursuant to *Monnell v. New York Dep't of Social Servs.*, 436 U.S. 658 (1978), in which the Plaintiff alleges that the actions of the individual defendants were taken pursuant to a municipal policy or custom that caused Plaintiff's alleged deprivation of constitutional rights.

The Plaintiff filed his complaint on March 21, 2019 and served the City with the complaint on April 9, 2019. On June 14, 2019, the Plaintiff filed a motion for enlargement of time to August 19, 2019 to serve summonses for the deceased defendants. *See* Docket Entry No. 35.[3] In that motion, the Plaintiff indicates that he has determined that Defendants Newell, McGarry, McGlasson, Myers, and Gilligan are deceased. The Plaintiff further indicates his intent to file a motion to appoint and substitute a "personal representative" to defend this action on behalf of the deceased defendants. Rather than identifying a proper party to be named as representative as indicated, the Plaintiff has instead elected to file the current motion to which the City now responds.

---

[3] On August 19, 2019, the Plaintiff's filed a second motion seeking further extension of time to October 19, 2019 to complete service upon the deceased defendants. *See* Docket Entry No. 42. That motion was allowed by the Court on August 20, 2019. *See* Docket Entry No. 43.

**STATEMENT OF LAW**

**I.      Federal Rule of Civil Procedure 25**

Rule 25(a)(1) of the Federal Rules of Civil Procedure states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." By its own terms, the rule applies to *parties.* Where a named party is dead prior to the commencement of the suit, courts have generally found that the rule does not apply. *See Shanafelt v. Dep't of Veteran Affairs*, 332 F. Supp. 3d 379, 383 (D. Mass. 2018) (prior deceased party is "not a legal entity"), citing *Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1955) (when a case is filed naming a deceased person as a defendant, "[a]t that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an action").[4]

Even under the terms of Rule 25(a), "the Court may order substitution of the ***proper party***." *See* Fed. R. Civ. P. 25(a)(1) (emphasis added). "[T]he proper parties for substitution are the ***successors or representatives*** of the deceased party." *Boniface*, 338 F.Supp. 3d at 71 (emphasis added) (*quoting Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969); *see also Americus Mortg. Corp. v. Mark*, No. CIV.A. 12-10158-GAO, 2013 WL 3106018, at *13 (D. Mass. June 17, 2013).

---

[4] *See also Mizukami v. Buras,* 419 F.2d 1319 (5th Cir.1969) (rule allowing substitution for deceased party where claim is not extinguished by his death was not available to plaintiff in death action where defendant predeceased filing of action); *Deleon-Reyes v. Guevara*, No. 18-CV-01028, 2019 WL 1200348, at *1 (N.D. Ill. Mar. 14, 2019) (Rule 25(a)(1) "only applies to ***parties***—that is, defendants that have been served with a complaint and then died after service.") (emphasis in original); *Laney v. South Carolina Dept. of Corrections,* 2012 WL 4069680 (D.S.C., May 8, 2012) (Rule 25 is not applicable where plaintiff sues a person who was already dead, and not a person who was a proper party and served with process prior to dying); *Davis v. Cadwell,* 94 F.R.D. 306, 307 (D. Del.1982) (declining to order substitution of parties in conformance with Rule 25(a)(1) where the person for whom substitution was sought died prior to being named a party); *Moul v. Pace,* 261 F.Supp. 616, 618 (D. Md.1966) (rule permitting substitution of proper party upon death of a party was not applicable in automobile accident action as to one defendant who was dead at time suit was filed).

"[A] person may be a 'successor' under Rule 25(a)(1) if [he or] she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *Boniface v. Viliena*, 338 F.Supp. 3d 50, 71 (D. Mass. 2018) (*citing In re Baycol Prod. Litig.*, 616 F.3d 778, 784-5) (8th Cir. 2010).  With respect to who may be deemed a proper "representative" for substitution under Rule 25(a), the courts have held that it is "clear from its history" and "implicit in the wording of the provision and in the cases construing it" that Rule 25(a) "applies only to the substitution of *legal* representatives". *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) (emphasis added); *see also Boggs v. Dravo Corp.*, 532 F.2d 897 (3rd Cir. 1976); *Navin v. Wells Fargo Bank, N.A.*, 199 F. Supp. 3d 646 (D. Conn. 2016); *Natale v. Country Ford Ltd.*, 287 F.R.D. 135 (E.D. N.Y. 2012).  Federal Courts typically look to state law for guidance as to who may be a "proper party" for substitution under Fed. R. Civ. P. 25.  *See Giles v. Campbell*, 698 F.3d 153, 156 (3d Cir. 2012).

A motion to substitute may be brought by any party or by the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). Any such motion must further be served on the parties to the action pursuant to Fed. R. Civ. P. 5 and *also* on non-parties, such as the individual sought to be named as personal representative for the deceased party, pursuant to Fed. R. Civ. P. 4.  *See* Fed. R. Civ. P. 25(a)(3); *see also Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (holding that nonparties "with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been), should certainly be served.").  Effecting service pursuant to Rule 4 is necessary to establish the court's personal jurisdiction over the new party to be substituted.  *See Giles*, 698 at 158–59 (3d

Cir. 2012); *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971); *Gothberg v. Town of Plainville*, 305 F.R.D. 28, 31 (D. Conn. 2015).

The language in Fed. R. Civ. P. 25(a) is permissive and the decision of whether to substitute a particular party lies with the discretion of the trial judge, who may refuse to substitute parties in an action, even if one of the parties so moves. *Boniface*, 338 F.Supp. 3d at 71 (*citing In re Baycol Prod. Litig.*, 616 F.3d at 783.

## II. Massachusetts Uniform Probate Code

Chapter 190B of the Massachusetts General Laws is the Massachusetts' Uniform Probate Code. Pursuant to c. 190B, the term "Personal representative", is defined as including the "executor, administrator, successor personal representative, special administrator, special personal representative, and persons who perform substantially the same function under the law governing their status." *See* M.G.L. c. 190B, § 1-201(37). A personal representative may be served in an action brought by a creditor of the deceased, but only if the action is commenced within one (1) year of the death of the deceased and process has been properly served on the personal representative. *See* G.L. c. 190B, § 3-803(a). An exception to this requirement exists, however, in an action brought against the personal representative "for personal injury or death," provided that action is commenced not later than three years from its accrual. *Id.* at 3-803(d)(2). In such cases, there are also limitations on the satisfaction of any judgment—it can only come from a liability bond or insurance policy, not from the general assets of the estate. In addition, where a "personal representative has not been appointed," an action may proceed "naming the decedent as the defendant" and completing service of process on the entity providing the liability bond or insurance. *Id.*

# ARGUMENT

For purposes of clarity, the City will discuss the arguments made by the Plaintiff in reverse order.  The City will first address the Plaintiff's request to appoint the City Clerk as a personal representative under Fed. R. Civ. P. 25.  Second, the City will address the Plaintiff's request to maintain its suit against deceased defendants (without naming a personal representative) pursuant to the purported authority of G.L. c. 190B § 3-803.

## I. Plaintiff's Request to Appoint the City Clerk as Personal Representative Pursuant to Fed. R. Civ. P. 25 Must Be Denied

### A. This Action Should Have Been Brought Against the Deceased "Defendants'" Estates and Service Made on Their Personal Representatives

As set forth above, to the extent Plaintiff relies on Fed. R. Civ. P. 25 for his motion to appoint a special representative for the purpose of representing individuals who were deceased prior to the filing of the Complaint, the Plaintiff asks the Court to exert authority not granted to it by federal statute or the Federal Rules of Civil Procedure.

The Plaintiff states that a proof of service for Mr. Gilligan was returned unexecuted, with a statement that Gilligan is deceased. Plaintiff further states that he has "now learned" that "Defendants Newell, McGarry, McGlasson, and Myers are also deceased."  *See* Plaintiff's Memorandum at 2.  This begs the question whether the Plaintiff conducted any proper investigation prior to filing his complaint, because a basic google search indicates that Gilligan died in 2005 (fourteen years prior to the Complaint), Newell and Myers in 2006 (thirteen years prior), and McGlasson in 2016 (three years prior).[5]  In any event, individuals Gilligan, Newell,

---

[5] *See* https://www.currentobituary.com/obit/15377;
https://www.legacy.com/obituaries/lowellsun/obituary.aspx?n=john-r-newell&pid=20442883;
https://www.legacy.com/obituaries/lowellsun/obituary.aspx?n=john-r-myers&pid=18822849;
https://www.legacy.com/obituaries/lowellsun/obituary.aspx?n=larry-b-mcglasson&pid=181132609&fhid=8747. The City is at present unaware of the date of Mr. McGarry's death, and does not know whether Plaintiff contends that it occurred prior to or since the filing of his lawsuit. It is possible that Rule 25 applies in the case of McGarry. No suggestion of death has been filed regarding any defendant.

Myers and McGlasson were not legal entities at the time the Complaint was filed. The Plaintiff fails to state what efforts have been made to identify the representatives of the deceased individuals' estates. Instead, the Plaintiff states merely that "[b]ased on searches of public records, [his] attorneys have been unable to determine whether estates were ever opened or closed for any of the Deceased Defendants." *See* Plaintiff's Memorandum at 2. In his motion, the Plaintiff notes that "the representative of an estate may be compelled to appear to defend in civil proceedings." *Id*. This may be so, but a Plaintiff wishing to sue a deceased individual is required to determine the identity of that representative.

    **B. Even If Fed. R. Civ. P. 25(a) Applies, Plaintiff's Request to Name the City Clerk as Personal Representative Must Be Denied Because the City Clerk Is Not A "Proper Party" for Substitution**

Even under the terms of Fed. R. Civ. P. 25(a), Plaintiff fails to propose the substitution of a "proper party." In particular, the City Clerk is self-evidently not a "proper party" for substitution pursuant to Fed. R. Civ. P. 25(a). In order to qualify as a "proper party", the individual to be substituted must be either a formal legal representative of the decedent or a successor. *See* Fed. R. Civ. P. 25(a)(1). As set forth above, the individuals who can reasonably be viewed as meeting the definition of representative or successor are limited to (1) a formal legal representative of the decedent's estate, such as an executor or administer, or (2) a successor, such as an heir or next of kin. *See supra*. It is abundantly clear that the City Clerk does not fall within any of these roles with respect to the deceased individuals.

In addition to the lack of relationship between the current City Clerk and these former City employees, there are additional reasons why the City Clerk *cannot* be a suitable person to fill the role of personal representative. The City Clerk is responsible as the administrator to the City's legislative function and serves as the official record keeper for the City. These duties

certainly do not encompass and were never intended to include serving as a personal representative for deceased former employees of the City.  Further, to the extent that the City Clerk requires legal advice, such guidance is provided by the City's Law Department whose core function is to provide legal representation and advice to the City and its *officials*.  The City's representation in this case is also being handled by the City's Law Department.  Due to the nature of the allegations in the Plaintiff's complaint and the potential likelihood of a conflict of interest between the City's position and the individual defendants' positions, the City's Law Department may well be precluded from representing the defendants who are named in their individual capacity.[6]  Similar concerns about conflict would arise in the scenario in which the City Clerk is "appointed."  Where the interests of the individual defendants and the City have the potential to conflict, how can a City official who is appointed by the City Council be expected to act in the best interest of the individual defendants as their personal representative while also acting in the best interest of the City as a City official?  The simple answer is that he *cannot* and it appears that the Plaintiff's suggestion of the City Clerk to function as personal representative is based more on convenience than on logic or reason.

Indeed, Supreme Court case law discussing the distinction between personal and official capacity lawsuits underscores the inappropriateness of Plaintiff's proposed substitution.  "Should the official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate.  In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's

---

[6] In fact, the legal representation of the individual defendants remains undetermined.  As noted in the City's notice to the Court (*see* Docket Entry No. 38), typically representation of police officers or fire department employees who are named in their individual capacities would be covered through benefits that are available to these employees by virtue of their union membership, such as a Legal Defense Fund or through membership with the Massachusetts Police Association (MPA).  However, as a result of the significant passage of time since the Plaintiff's arrest and conviction, it has been difficult to determine whether the individual defendants will be entitled to such benefits in this action.  While the City has attempted to facilitate the determination of these issues, the City understands that no final determinations have been made as to the representation of the individual defendants.

successor in office." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), *citing* Fed. R. Civ. P. 25(d). This is because "an award of damages against an official in his personal capacity can be executed *only* against the official's personal assets." *Kentucky*, 473 U.S. at 166 (emphasis added). While substitution of an appropriate City employee may be appropriate in a matter naming deceased defendants' only in their official capacities, Plaintiff brings his claims against the deceased defendants in this case in their *personal* capacities, and he must consequently look to the estates.

Beyond this clear leap in logic, the Plaintiff has also failed to provide any legitimate legal authority for his suggestion that the current City Clerk may be named as a personal representative for multiple former City employees who have passed away. Plaintiff cites to only one case in which he asserts that a court appointed a city clerk to serve as a "special representative" for deceased defendants in a wrongful conviction case. *See* Plaintiff's Memorandum at 3 (*citing Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013)). However, *Rivera* cuts against Plaintiff's argument.[7] *Rivera* makes no mention of a City Clerk, or any official employee, being appointed as a personal representative. The decision concerns a *widow* who challenged (unsuccessfully) the efforts of a plaintiff to name her as a special representative in order to pursue certain civil rights claims against her deceased *husband*. *See Rivera*, 974 F. Supp. 2d at 1199.[8] A case in which the successor in interest to an estate was named as a personal representative in a matter brought against the estate in no way supports Plaintiff's claim that the City Clerk can be appointed as personal representative in this case.

The other cases cited by Plaintiff have no applicability to Plaintiff's suggestion that the City Clerk is a "proper party" for substitution. For example, Plaintiff relies on both *Anderson v.*

---

[7] Indeed, Plaintiff's parenthetical reference to *Rivera* is incorrect and misleading.
[8] The cited case does not include information regarding the parties' relationship. However, additional filings in this matter make clear that the deceased individual Clinton Grinnell was the husband of personal representative Marion Grinnell.

*Romero*, 42 F. 3d 1121, 1124-25 (7th Cir. 1994) and *Ward v. Edgeton*, 59 F. 3d 652, 653 (7th Cir. 1995).  Each of these cases involves the appointment of a personal representative for a ***Plaintiff*** who has died during the course of a litigation.  In *Anderson*, the court reluctantly appointed the attorneys for the deceased plaintiff to serve as personal representative due to the defendant (a state correctional facility) refusing to provide information about next of kin, only so that the case could continue.  *Anderson*, 42 F. 3d at 1124-25.   In *Ward*, the court dealt with similar facts to *Anderson* except that the state correctional facility turned over the names of next of kin.  *Ward*, 59 F. 3d at 653.  In that case, the court ordered that notice should be sent to the next of kin before taking further action.  *Id*.  If anything, both *Anderson* and *Ward* stand for the proposition that there is a clear preference among the courts for the appointment of a ***successor***, such as a next of kin, to serve as personal representative, rather than some other less suitable person.  Finally, the Plaintiff cites to *Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012), in which a spouse is appointed in a representative capacity.  In that case, the court recognizes that the proper party to be substituted will likely be a representative of the decedent's estate who is legally appointed, but also recognizes that Fed. R. Civ. P. 25 also refers to "successor" which indicates that a person may be appointed even if not formally appointed as executor of administrator.  *Id*.  Beyond not supporting the Plaintiff's position, this case actually supports the City's position that the only people who may qualify as a "proper party" for substitution under Fed. R. Civ. P. 25 are (1) a formal legal representative that has been court appointed; or (2) an individual who meets the definition of successor, such as a next of kin.

      Since the Plaintiff has provided no legitimate basis or reasoning for his request that the City Clerk be appointed to serve as special representative to the deceased defendants in this case,

and there are multiple reasons why this request is inappropriate and contrary to law, the Plaintiff's motion must be denied.

### C. Even If Fed. R. Civ. P. 25(a) Applies, Plaintiff's Motion Must Also Be Denied for Failure to Satisfy the Procedural Requirements of subsection (3)

Prior to any appointment of a "proper party" to function as a personal representative for a deceased defendant, a plaintiff is required to comply with the established procedural requirements of Fed. R. Civ. P. 25(a)(3). Plaintiff has failed to satisfy these requirements, and the Plaintiff's motion must therefore be denied on that basis.

As noted above, Rule 25(a)(3) requires the party moving for substitution to properly effect service of process on both parties and non-parties.  Here, Plaintiff has simply filed his motion with the Court and served the motion through the Electronic Case Filing ("ECF") system on only those parties with appearances in the case—namely, counsel for the City and counsel for the individually named former MSP Trooper.  However, to the extent that that Plaintiff seeks to appoint either a legal representative or successor of the deceased defendants, the Plaintiff is required to identify that individual in the motion and effectuate service of process on that individual pursuant to Fed. R. Civ. P. 4.  The extent of Plaintiff's efforts is discussed above, and Plaintiff has clearly failed to meet the procedural requirements of Fed. R. Civ. P. 25.

Accordingly, where Plaintiff has failed to comply with the procedural requirements of Fed. R. Civ. P. 25(a), the Plaintiff's motion for substitution must be denied.

## II. Plaintiff's Request to Maintain this Action Against the Deceased Defendants Without Naming a Personal Representative Pursuant to M.G.L. c. 190B § 3-803 Must Be Denied

The Plaintiff's alternate argument is that he may move directly to suit against deceased individuals so long as he serves process on the City.  Support for this novel proposition is alleged to be rooted in G.L. c. 190B, § 3-803(d)(2).  The Plaintiff argues that under this particular

subsection of the statute governing creditors' claims in probate he should be permitted to maintain his action against deceased defendants without suing their estates or naming a personal representative. However, this statute has no applicability to either the Plaintiff's claims or this action, and Plaintiff's efforts to shoehorn the scenario presented in this action into the provisions of the Uniform Probate Code is nothing more than an effort to avoid the difficulties of complying with the requirements attendant to naming a proper personal representative for the deceased individual defendnats.

Section 3-803 primarily establishes the short estate limitations period for personal injury and wrongful death claims covered by insurance. The section applies only to creditor actions against executors and administrators of a deceased debtor's estate. *Town of Milford v. Casamassa*, 339 Mass. 702 (1959). The well recognized intent of the statute is to facilitate the prompt settlement of estates. *See e.g. Spaulding v. McConnell*, 307 Mass. 144 (1940); *Doyle v. Moylan*, 141 F.Supp. 95 (D.Mass. 1956); *Hanna v. Plumer*, 380 U.S. 460 (1965); *United States v. Saxe*, 261 F.2d 316 (1958); *Abrahamson v. Estate of LeBold*, 89 Mass. App. Ct. 223 (2016).

The particular subsection of this statute that the Plaintiff has singled out for his argument is § 3-803(d)(2). This subsection more-or-less creates an exception to the short estate limitation periods set forth in subsections (a) – (c). In particular, subsection (d)(2) states as follows:

> "Nothing in this section affects or prevents…an action for personal injury or death, if commenced more than 1 year after the date of death of the decedent, brought against the personal representative; provided further, that the action is commenced not later than 3 years after the cause of action accrues; and provided further, that a judgment recovered in that action shall only be satisfied from the proceeds of a policy of liability bond or liability insurance, if any, and not from the general assets of the estate; and provided further, that if a personal representative has not been appointed, then an action otherwise allowed pursuant to this chapter may be maintained without such appointment, and shall be maintained naming the decedent as the defendant; and provided further, that in that event any service of process that may be necessary shall be made upon the entity providing the insurance or bond." M.G.L. c. 190B, § 3-803(d)(2).

Aside from the fact that the general intent of the statute has no relation to the particular relief that the Plaintiff seeks in this instance, the non-applicability of this statute is clearly established upon further inspection.

### A. Massachusetts General Law c. 190B, § 3-803(d)(2) Does Not Apply to Civil Rights Actions Arising from an Alleged Wrongful Conviction

As an initial matter, part 8 of section 3 of the Uniform Probate Code applies specifically to creditors' claims, and the subsection relied on by Plaintiff only applies to actions for personal injury or death.  Reading the statute as a whole, it is clear that this does not extend broadly to actions alleging constitutional violations arising from an alleged wrongful conviction, and is instead intended only for *physical* injury or death. While the City recognizes the frequent parallels between tortious conduct and conduct which may constitute a constitutional violation, there is no basis either in the language of the statute or articulated by the Plaintiff in his motion to read this statute so broadly as to extend to the sort of constitutional injury he alleges to have sustained through this action.

Since the subsection of the statute relied on applies only to physical injuries or death, it can have no applicability to the type of damage allegedly sustained by Plaintiff in this case.

### B. Massachusetts General Law c. 190B, § 3-803(d)(2) Does Not Apply to a Municipality which is Not an "Entity Providing the Insurance or Bond"

The inapplicability of M.G.L. c. 190B, § 3-803(d)(2) to this case is further evident by the fact that the City is not an "entity providing the insurance or bond," as required by the statute.  In an effort to shoehorn the circumstances of this case into the statute, the Plaintiff argues that the potential indemnification obligations imposed on the City by M.G.L. c. 258, § 13 is the functional equivalent of the City providing insurance or bond.

Essentially, the Plaintiff asks the Court to conclude that the Massachusetts state legislature, in crafting the Uniform Probate Code, specifically intended the phrase "entity providing the insurance or bond" to extend to and include municipalities potentially subject to indemnification under a separate statute. Notably, the Plaintiff provides no legal support for this request and instead appears to rely entirely on an overbroad reading of this particular section of the Uniform Probate Code. No reasonable reading of M.G.L. c. 190B, § 3-803 can result in a conclusion that it is intended to apply also to the City based on its indemnification obligations. If the Massachusetts state legislature had intended that to be the case, it would have made it clear in the language of the statute.

The flaw in Plaintiff's argument is further highlighted upon review of the provisions of M.G.L. c. 258, § 13. The statute provides that a municipality must indemnify public employees from personal financial loss and expenses arising out of any claim, demand, suit or judgment by reason of any act or omission *within* the scope of his or her official duties. *See* M.G.L. c. 258, § 13. Further, the statute provides that a municipality is *not required* to indemnify a public employee from losses resulting from intentional violations of civil rights. *Id*. This provision is especially relevant here. In this case, the Plaintiff has exclusively brought claims of intentional violation of civil rights against the individual defendants. As noted above, the Plaintiff's claims include allegations that defendants (1) improperly targeted Plaintiff as a suspect, (2) fabricated a false confession from Plaintiff, (3) fabricated and suppressed evidence about the circumstances of the Plaintiff's interrogation, (4) fabricated the existence of false physical evidence, (5) fabricated eyewitness evidence, and (6) suppressed evidence of alternate suspects, all leading to Plaintiff's allegedly wrongful conviction. To the extent

that the Plaintiff is able to prove these alleged intentional civil rights violations claims, the City would potentially have a basis to deny any request for indemnification. The City would further have a basis to deny a request for indemnification where there is any finding of punitive damages against any of the individually named defendants in response to any of the personal capacity claims against them. *See Pinshaw v. Metropolitan District Com'n*, 402 Mass. 687 (1988) (holding that the punitive damage standard provides a bright line test for precluding indemnification). Accordingly, the state public employee indemnification statute is quite different from the situation anticipated by M.G.L. c. 190B, § 3-803(d)(2), in which a specific insurance policy (such as automobile insurance) might cover liability for injury or death to third parties.

For this additional reason, M.G.L. c. 190B, § 3-803(d)(2) has no applicability to this action or the relief sought by the Plaintiff in his motion.

### C. The Plaintiff Offers No Legal Authority in Support of His Request to Apply the Provisions of M.G.L. c. 190B, § 3-803(d)(2) to the City.

Not only is the inapplicability of M.G.L. c. 190B, § 3-803 evident from a plain reading of the statute, but also, the Plaintiff has offered no legal authority supporting the Plaintiff's overbroad reading of the statute. In fact, the City can locate no case in which the provision of M.G.L. c. 190B, § 3-803 have been applied in the way that Plaintiff requests. Instead, the Plaintiff cites only to a Massachusetts trial court order entered in connection with a motion to substitute a special administrator in support of his argument. *See Fellows v. Perenzin*, 2003 WL 734416, at *1 (Mass. Super. Jan. 8, 2003). This decision merely cites to the earlier iteration of the statute on which Plaintiff now relies and provides no actual support for the relief Plaintiff seeks. In *Fellows*, which involved a personal injury as a result of a car accident, the Plaintiff was permitted to substitute an

individual who was identified as the special administrator as the party defendant where there was no executor or administrator appointed to represent the estate. This case has no applicability to the Plaintiff's request, and in fact underscores the rarity of the circumstances in which a plaintiff may name a deceased person as a defendant and proceed simply upon service of process to an insurer.

The upshot is clear. The Massachusetts Uniform Probate Code generally anticipates that suits against deceased individuals would be served against (or by) Estates and through a personal representative. Plaintiff has presented no reason to subvert this process. As noted above, the City does not generally object to a procedure in which claims may be asserted against deceased individuals, provided the correct procedures are followed. Those procedures do not include either the unorthodox appointment of the City Clerk as a personal representative for deceased employees, or the ability to proceed with no personal representative at all.

## **CONCLUSION**

For the reasons set forth in this opposition, the City respectfully requests that the Court deny the Plaintiff's request to maintain his action against the deceased defendants pursuant to M.G.L. c. 190B, § 3-803 or to name the City Clerk as personal representative for the deceased individual defendants.

{signature on next page}

        Respectfully submitted by:

        Defendant,
        CITY OF LOWELL,

        /s/ *Adam R. LaGrassa*
        Christine P. O'Connor, City Solicitor
        BBO #567645
        Rachel M. Brown, First Assistant City Solicitor
        BBO #667369
        Adam R. LaGrassa, Assistant City Solicitor
        BBO #685662
        Stacie M. Moeser, Assistant City Solicitor
        BBO #664390
        City of Lowell—Law Department
        375 Merrimack Street, 3rd Floor
        Lowell MA 01852-5909
        (978) 674-4050
        CO'Connor@lowellma.gov
        RBrown@lowellma.gov
        ALaGrassa@lowellma.gov
        SMoesier@lowellma.gov

August 26, 2019

## CERTIFICATE OF SERVICE

    I certify that on August 26, 2019, I filed a copy of this document through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing.

        /s/ *Adam R. LaGrassa*
        Adam R. LaGrassa
        Assistant City Solicitor