# EXHIBIT A

| | |
|---|---|
| **From:** | Brown, Rachel |
| **To:** | Steven Art; Tara Thompson |
| **Cc:** | LaGrassa, Adam; Moeser, Stacie; O"Connor, Christine; Gettings, Celine; Debra Loevy-Reyes; Gayle Horn; Mark Loevy-Reyes; Monica Fuentes; Renee Spence; Sanjana Lakshmi; Margaret Cunliffe |
| **Subject:** | RE: Rosario v. Waterhouse, et al. - Motion regarding service |
| **Date:** | Tuesday, September 17, 2019 11:47:00 AM |

Dear Tara and Counsel:

This email follows from the hearing last week. As you know, we are charged with submitting a proposal – preferably joint – regarding Plaintiff's motion for appointment of representatives for the deceased defendants.

The City wishes to propose that the issue is formally stayed for a period during which the parties engage in limited discovery for the purposes of determining against which City former employees the Plaintiff may ultimately seek to advance his claim. It appears that there may be some individuals who were not significantly involved in events concerning the Plaintiff, or others who were so minimally involved that no claim against them could survive. It may be that certain of the deceased individuals named in the Complaint fall into those categories (there are few details in the body of the Complaint). In that case, rather than requiring Plaintiff to open or create estates for the purposes of service, and rather than requiring City counsel to undertake representation that may result in conflicts, it would make sense to attempt to answer those questions through a period of limited discovery. This would also help in the case of those defendants who are still alive but for whom representation is an issue.

The City thus proposes that the parties engage in a six month period of paper and written discovery, focused on gaining more information about the underlying criminal investigation and trial. Documents would be exchanged and reviewed by the City, Plaintiff, and relevant third parties such as the Middlesex DA's Office, MSP, the State Fire Marshall and the trial court. (There are a number of third parties who may have relevant documents.) During this period, all parties' rights would be preserved with respect to their positions on Plaintiff's outstanding motion. Following this period, the parties would (a) have engaged in valuable discovery which advances the case, and (b) be better situated to determine which defendants should remain in the case and, to the extent those are deceased individuals, whether the City would be likely to indemnify those defendants or not, and so whether service of process makes the most sense on a designated representative whom the City represents or on an estate representative.

Please could you let us know your thoughts. At the hearing, we had discussed a call on this case yesterday, which obviously didn't happen. We have some availability for a call this afternoon, but it is fairly limited. If you think this approach has merit, we can work to discuss parameters via email/phone today and tomorrow.

Thanks,
Rachel

Rachel M. Brown | First Assistant City Solicitor
City of Lowell - Law Department
City Hall, 375 Merrimack Street, 3rd Floor | Lowell, MA 01852-5909
Tel: 978.674.4050  | Fax: 978.453.1510 | http://www.lowellma.gov
LOWELL  Alive. Unique. Inspiring.

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and/or may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and its attachments, if any, and destroy any hard copies you may have created and notify the Sender via email or telephone.

-----Original Message-----
From: Brown, Rachel

Sent: Monday, August 19, 2019 3:23 PM
To: Steven Art
Cc: LaGrassa, Adam; Moeser, Stacie; O'Connor, Christine; Gettings, Celine; Debra Loevy-Reyes; Gayle Horn; Mark Loevy-Reyes; Monica Fuentes; Renee Spence; Tara Thompson; Sanjana Lakshmi; Margaret Cunliffe
Subject: Re: Rosario v. Waterhouse, et al. - Second Motion to Extend Service of Summonses

Hi Steven
We won't oppose this motion.

Given the additional time and outstanding motion we would ask that you consider holding off on a default motion — as the representative issues are complex, so are the representation issues, with three separate unions. We should have a more complete update for you on this very soon.

Sent from my iPhone

> On Aug 18, 2019, at 8:38 PM, Steven Art <Steve@loevy.com> wrote:
>
> Dear Counsel,
>
> Attached is a motion that Plaintiff intends to file tomorrow regarding summonses for the deceased Defendants. Please let us know if Lowell has any objection.
>
> Sincerely,
>
> Steve
>
> --
> Steven Art
> LOEVY & LOEVY
> 311 N. Aberdeen St., 3rd Floor
> Chicago, Illinois 60607
> (312) 243-5900
> Direct: (312) 789-4965
> <Rosario - Second Summons Motion DRAFT.docx>
> <Rosario - Second Summons Motion Ex. A - Art Declaration DRAFT.docx>