## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VICTOR ROSARIO, | ) | |
| | ) | Case No. 1:19-cv-10532 |
| Plaintiff, | ) | |
| | ) | Hon. Leo T. Sorokin, |
| v. | ) | District Judge |
| | ) | |
| HAROLD G. WATERHOUSE, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL
## VARIOUS DEFENDANTS' DEPOSITIONS

Plaintiff Victor Rosario, by his attorneys, Loevy & Loevy, moves the Court, under Federal Rules of Civil Procedure 26 and 30, to compel Defendants Dow, Guilfoyle, Sheehan, and Waterhouse to appear for remote depositions as follows:

1. This case relates to Plaintiff's claims that Defendants violated his rights under the United States Constitution and that those actions caused his wrongful conviction and imprisonment for more than three decades. *Id*. Defendants Dow, Gentle, Guilfoyle, Sheehan, and Waterhouse were all employees of Defendant City of Lowell when Plaintiff was wrongfully arrested, prosecuted, and convicted. Doc. No. 1.

2. Discovery in this case has, understandably and unavoidably, been delayed due to the COVID-19 pandemic. But Defendants cannot avoid discovery indefinitely, particularly when Plaintiff seeks a safe alternative to in-person depositions--remote depositions of Defendants through videoconferencing.

3.      Through this motion, Plaintiff seeks to compel one of the most fundamental needs of discovery—the opposing parties' depositions. There is no reason why these depositions cannot be safely held remotely in short order.

4.      Although there could be health issues to consider based on COVID-19 if Plaintiff sought in-person depositions, those concerns are wholly vitiated by Plaintiff's agreement for remote, rather than in person, depositions.

5.      On April 1, 2020, the Court entered a discovery scheduling order, which provided for the close of fact discovery on January 29, 2021. Doc. No. 129.

6.      On July 17, 2020, after the parties exchanged disclosures under Federal Rule of Civil Procedure 26 and initial discovery, Plaintiff sent a notice to Defendants Dow, Guilfoyle, Sheehan, and Waterhouse to take their depositions by Zoom Videoconference. *See* Ex. 1. Plaintiff advised Defendants that the parties could work together on dates for the depositions, but that Plaintiff intended to take the depositions. *See* Ex. 2.

7.      That same day, Defendants advised that they were concerned about taking depositions because of the COVID-19 pandemic. *Id.* Plaintiff replied by reminding Defendants that the depositions were proposed as remote depositions to avoid COVID-related risks. *See* Ex. 2.

8.      On July 31, 2020, the parties conferred about scheduling Defendants' depositions. *See* Ex. 3-4.  Defendants agreed to confer and advise Plaintiff before the end of August 2020 whether Defendants would appear for the remote depositions. *Id.*

9.      On August 27, 2020, Defendants continued to assert that they were not able to appear for remote depositions because of their fears related to COVID-19. *See* Ex. 5.  Defendants proposed conferring in 90 days to determine whether the circumstances would allow for the depositions. *Id*.

10.      On September 16, 2020, Plaintiff advised that he could not agree to delay the depositions for 90 days to wait to see if the course of the COVID-19 situations allowed for the depositions. *See* Ex. 6.

11.      On October 20, 2020, the parties conferred in good faith about the issue of scheduling Defendants' depositions. The parties were not able to come to agreement about further delaying Defendants' depositions.

12.      Defendants have not provided a good faith basis for continuing to avoid depositions in this case, which already relates to incidents that occurred thirty years ago and cannot afford further, indefinite delay. Plaintiff needs to take Defendants' depositions in order to pursue appropriate additional discovery regarding his claims.

13.      Although Defendants have not asserted a technological barrier to remote depositions, it is noteworthy that remote depositions require minimal technological capacity for each deponent. All he needs is a computer or a tablet with the software pre-installed. Instructions on how to use the technology can be relayed remotely. Therefore, the use of technology should not be a barrier to remote depositions.

14.    Given the status of this case, Defendants Dow, Guilfoyle, Sheehan, and Waterhouse should be compelled to appear remotely for their depositions. Plaintiff filed his complaint on March 21, 2019, Doc. No. 1, and it is time for discovery to move forward without unnecessary delays.

WHEREFORE, Plaintiff Victor Rosario moves the Court for an order to compel Defendants Dow, Guilfoyle, Sheehan, and Waterhouse to appear remotely for their depositions.

RESPECTFULLY SUBMITTED,

**VICTOR ROSARIO**

By: /s/ Mark Loevy-Reyes
   *One of Plaintiff's Attorneys*

*Attorneys for Plaintiff*
Jon Loevy*
Debra Loevy
Mark Loevy-Reyes*
Renee Spence*
Steven Art*
Tara Thompson*
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
mark@loevy.com
*Admitted *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I, Mark Loevy-Reyes, an attorney, hereby certify that on November 3, 2020, I filed the foregoing PLAINTIFF'S MOTION TO COMPEL VARIOUS DEFENDANTS' DEPOSITIONS using the Court's CM/ECF system, which effected service on all counsel of record listed below.

<u>/s/ Mark Loevy-Reyes</u>
*One of Plaintiff's Attorneys*